**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

JAMES W. "J.W." COURTNEY, JO ANN
COURTNEY, HARLEE SIBLEY, and CRYSTAL
ROBARDS AS CUSTODIAL NEXT FRIEND OF
J.R., A MINOR CHILD

                                                             **PLAINTIFFS**

VS.                                                **CAUSE NO.** 5:26-cv-195-DCB-BWR

CARROLS RESTAURANT GROUP, LLC,
d/b/a POPEYE'S LOUISIANA KITCHEN,
TA'NYLA THOMPSON, AQUANETTA THOMPSON,
and UNKNOWN JOHN DOE DEFENDANTS
ONE THROUGH TEN                                  **DEFENDANTS**

---

### COMPLAINT

---

      COME NOW James W. "J.W." Courtney and Jo Ann Courtney, Harlee Sibley, and Crystal Robards as next friend of J.R., a minor child, by and through undersigned counsel, and file this, their Complaint against Carrols Restaurant Group, LLC, d/b/a Popeye's Louisiana Kitchen, and Unknown John Doe Defendants One through Ten, and for good cause would show the following:

### I.    The Parties

      1.    Plaintiff James W. "J.W." Courtney (hereinafter "*plaintiff*" or "*Mr. Courtney*"), is an adult resident citizen of the State of Louisiana, suffering under no legal disabilities, whose address is 31850 Courtney Circle, Walker, Louisiana 70785, and who may be served with process in this civil action through his undersigned attorney of record.

      2.    Plaintiff Jo Ann Courtney (hereinafter "*plaintiff*" or "*Mrs. Courtney*"), is an adult resident citizen of the State of Louisiana, suffering under no legal disabilities, whose address is

31850 Courtney Circle, Walker, Louisiana 70785, and who may be served with process in civil action through her undersigned attorney of record.

3.      Plaintiff Harlee Sibley is an adult resident citizen of the State of Louisiana, suffering under no legal disabilities, whose address is 31852 Courtney Circle, Walker, Louisiana 70785, and who may be served with process in civil action through her undersigned attorney of record.

4.      Plaintiff Crystal Robards is the natural mother, custodial parent, and next friend of J.R., a minor child, whose address is 31935 Courtney Circle, Walker, Louisiana 70785, and who may be served with process in civil action through her undersigned attorney of record.

5.      Carrols Restaurant Group, LLC (hereinafter "*Carrols*"), is a limited liability company organized and existing under the laws of the State of Delaware, registered to conduct business in the State of Mississippi, with its principle place of business located at 968 James Street, Syracuse, New York 13203, and which may be served with process in this civil action through its registered agent, C T Corporation System, at 8927 Lorraine Road, Suite 204-A, Gulfport, Mississippi 39503.

6.      Ta'Nyla Thompson (hereinafter "*Ta'Nyla*") is, on information and belief, an adult resident citizen of Pike County, Mississippi, suffering under no known legal disabilities, who may be served with process at 300 Plum Street, Summit, Mississippi 39666, or wherever she may be found.

7.      Aquanetta Thompson (hereinafter "*Aquanetta*") is, on information and belief, an adult resident citizen of Pike County, Mississippi, suffering under no known legal disabilities, who may be served with process at 300 Plum Street, Summit, Mississippi 39666, or wherever she may be found.

8. Unknown John Doe Defendant No. One is the true name of the individual or entity doing business as the Popeyes Louisiana Kitchen restaurant located at 1320 Delaware Avenue, McComb, Mississippi, unknown to the plaintiffs at the time of the filing of this pleading after due and diligent inquiry, who or which may be added as a party hereto in accordance with the terms of Rule 15 of the Federal Rules of Civil Procedure as he or it is identified through the course of investigation and discovery in this action.

9. Unknown John Doe Defendants Two through Ten are fictitious parties representing real parties in interest unknown to the plaintiffs at the time of the filing of this pleading after due and diligent inquiry, and who may be named in accordance with the terms of Rule 15 of the Federal Rules of Civil Procedure as they are identified through the course of investigation and discovery in this civil action.

## II.   Jurisdiction and Venue

10. This Court has jurisdiction over the persons of the parties hereto and the subject matter herein by virtue of the diversity of citizenship of the litigants under the terms of 28 U.S.C. § 1332.

11. Venue is proper, as the tortuous acts and/or omissions of the defendant(s) occurred wholly or substantially within the confines of the physical boundaries of Pike County, Mississippi, which lies within the Western Division of the Southern District of the United States District Court of Mississippi, and as Defendants Ta'Nyla Thompson and Aquanetta Thompson reside in said county and district.

12. The judgment sought in this action exceeds this Court's minimal civil jurisdictional threshold for award of money damages.

### III.  Facts and Allegations

13.    On or about April 29, 2023, the plaintiffs entered the premises of Popeye's Louisiana Kitchen (hereinafter "*Popeye's*"), a restaurant located at 1320 Delaware Avenue, McComb, Mississippi 39648 (hereinafter "*the premises*") as business invitees for the purpose of dining.  Defendant Carrols was, at all times appertaining to the claims herein, owner and operator of said premises.

14.    Mr. and Mrs. Courtney were accompanied by their grandchildren, J.R. (hereinafter "*J.R.*") and Harlee Sibley (hereinafter "*Harlee*") who were both minor children at all times relevant and material to the claims asserted herein.[1]

15.    While on the premises ordering their meal, Ta'Nyla, the employee taking said order, accused Mrs. Courtney of having "an attitude" and left the counter in tears.

16.    On information and belief, Ta'Nyla was an employee of Popeye's on April 29, 2023, and in any event was at all times complained of herein an agent, contractor, or joint venturer for or with Popeye's, acting within the course and scope of her duties on the premises.

17.    While away from the counter, Ta'Nyla contacted her mother, Aquanetta, who then appeared on the premises, physically charging the plaintiffs and their minor grandchildren and shouting abusive threats using intimidating and vulgar language.

18.    The plaintiffs attempted to avoid a physical confrontation threatened by Aquanetta, but were nevertheless physically attacked by Aquanetta.

19.    The plaintiffs exercised reasonable restraint in an attempt not to provoke a confrontation with the defendants; however, through the application of violent, physical blows, Aquanetta viciously struck Mrs. Courtney and Harlee repeatedly, causing severe bodily injury.

---

[1] Harlee Sibley's date of birth is 09/07/2006, and is now an emancipated adult pursuant to Louisiana law.

20.    As the direct and proximate result of the conduct of the defendants, the plaintiffs and their minor grandchildren suffered significant physical, psychological, and economic injuries, for which they should be permitted to recover.

### IV.    Causes of Action

Count 1. Assault

21.    The plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs 1 through 20 as if fully reproduced herein.

22.    The events giving rise to this action that occurred on April 29, 2023, created in the plaintiffs and their minor grandchild a reasonable apprehension that the defendants intended to cause them to suffer or sustain immediate harmful or offensive contact to their persons.

23.    By use of threats and intimidation in the form of verbal abuse, taunts, and explicit threats, Aquanetta committed assaults on the plaintiffs and their minor grandchild.

24.    At all times material to this cause of action, the plaintiffs and their then-minor grandchildren were alive, conscious, and fearful of their lives and for their safety, and the defendants acted with reckless disregard for the safety and well-being of the plaintiffs and their minor grandchild.

25.    As a direct and proximate consequence of the assault inflicted upon the plaintiffs and their minor grandchild by the defendants, the plaintiffs and their minor grandchild are unable to live a peaceful, un-fearful life and to return to a normal lifestyle.

26.    As the employer of Ta'Nyla, Carrols' negligence causes it to be directly and / or vicariously liable for all injuries flowing from the acts of its co-defendants.

27.    As a direct and proximate consequence of the conduct of the afore-referenced defendants, both known and unknown, said defendants are jointly and severally liable to the

plaintiffs and their minor grandchild for the assaults perpetrated upon them. At all times material to this cause of action, the defendants acted with wanton, willful, and reckless disregard for the safety and well-being of the plaintiffs and their minor grandchild. Thus, the plaintiffs are entitled to a monetary judgment against the defendants, both known and unknown, jointly and severally, who engaged in or contributed to or otherwise facilitated through their acts of omission or commission the aforesaid assaults.

### Count 2. Battery

28.     The plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs 1 through 27 as if fully reproduced herein.

29.     As described herein, the defendants inflicted violent physical contact to Mr. and Mrs. Courtney and their then-minor grandchildren, and said offensive contact was intended to and did physically arm the plaintiffs and their minor child and / or was intended to unnecessarily inflict explicit suffering and distress upon their bodies.

30.     The above-described physical attacks on the plaintiffs and their minor grandchildren caused them to suffer physical injury for which they should be permitted to recover.

31.     As a direct and proximate consequence of the battery the defendants inflicted upon the plaintiffs and their minor grandchildren, the plaintiffs' and their minor grandchildren's persons were violated, and they are consequently unable to live a peaceful and un-fearful life and return to a normal lifestyle.

32.     As the employer and of one of the batterers who inflicted upon the plaintiffs, Carrols' negligence causes it to be directly and / or vicariously liable for all injuries flowing from the acts of its co-defendants.

33. As a direct and proximate consequence of the conduct of the aforenamed defendants, both known and unknown, the said defendants are jointly and severally liable to the plaintiffs and their minor grandchildren for the assaults perpetrated upon them.  At all times material to this cause of action, the defendants acted with wanton, willful, and reckless disregard for the safety and wellbeing of the plaintiffs and their minor grandchildren. Thus, the plaintiffs are entitled to a monetary judgment against the defendants, both known and unknown, jointly and severally, who engaged in or contributed to or otherwise facilitated through their acts of omission or commission the aforesaid batteries.

Count 3. The Common Law Tort of Outrage

34. The plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs 1 through 33 as if fully reproduced herein.

35. The defendants' overall conduct on the date in question was so outrageous that it shocks the moral and legal consciousness of the community.  This outrageous conduct resulted in the plaintiffs and their then-minor grandchildren suffering serious physical injury and permanent emotional and psychological trauma.

36. The manner, method, and carelessness of the defendants' collective conduct complained of herein amounted to a cold and callous abuse of the plaintiffs' and their minor grandchildren's rights to be secure in their persons.

37. As a direct and proximate consequence of the conduct of the aforementioned defendants, both known and unknown, said defendants are jointly and severally liable to the plaintiffs and their minor grandchildren, for such outrageous behavior resulted in injury to the plaintiffs and their minor grandchildren.  At all times material to this cause of action, the defendants acted with wanton, willful, and reckless disregard for the safety and well-being of the

plaintiffs and their minor grandchildren, their business invitees.  Thus, the plaintiffs are entitled to a money judgment against these defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward the plaintiffs and their minor grandchildren

Count 4. Negligence Per Se

36.     The plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs 1 through 35 as if fully reproduced herein.

37.     In violently assaulting the plaintiffs and their minor grandchild, the defendants violated certain state laws, including but not limited to MISS. CODE ANN. 97-3-7, and such violations of statute(s) constitute negligence as a matter of law, as the plaintiffs will show that:

(a)     The plaintiffs are law-abiding members of the public with a right to be secure in their persons, and thereby are members of the class sought to be protected under said statute(s);

(b)     The plaintiffs' bodily and emotional injuries are of the type sought to be avoided by said statute(s); and

(c)     The violations of the defendants directly and proximately caused plaintiffs' injuries as described herein.

38.     The plaintiffs will further show that there existed no compelling reasonable excuse to justify the defendants' violations of statutory law as complained of herein sufficient to constitute a defense to negligence per se.

Count 5. Negligent Infliction of Emotional Distress

39.     The plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs 1 through 35 as if fully reproduced herein.

40. The conduct of the defendants described hereinabove was undertaken without regard for the safety and well-being of their innocent patrons, Mr. and Mrs. Courtney, J.R., and Harlee.

41. The said conduct of the defendants in employing physical violence was extreme, atrocious, and outrageous in the circumstances, wholly unjustified by conditions then and there existing, and utterly intolerable in a civilized community.

42. The extreme and outrageous conduct of the defendants directly caused, or contributed to cause, actual, severe emotional distress to the plaintiffs and their then-minor grandchildren, for which the plaintiffs should be permitted to recover.

<u>Count 6. Negligent Selection, Hiring and Retention as to Defendant Carrols</u>

43. The plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs 1 through 42 as if fully reproduced herein.

44. In its failure to properly select and employ personnel of an appropriate character, demeanor, and temperament, and possessed of the requisite skills to ensure the safety of its customers, Carrols endangered its patrons and foreseeable injury resulted to the plaintiffs and their minor grandchildren, for which they should be allowed to recover.

45. Carrols was directly negligent in its deficient screening, hiring, and employment of Ta'Nyla, and as a direct and proximate result, the plaintiffs and their minor grandchildren suffered the foreseeable harm described herein.

<u>Count 7. Negligent Training and Supervision as to Defendant Carrols</u>

46. The plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs 1 through 45 as if fully reproduced herein.

47.    In its failure to properly train Ta'Nyla in her duties, including, but not limited to, instructing Ta'Nyla on policies and procedures for interacting with the public and on basic safety measures, Carrols endangered its patrons and foreseeable injury resulted to the plaintiffs and their minor grandchildren, for which they should be allowed to recover.

48.    In omitting to properly oversee the activities of Ta'Nyla, Carrols endangered its patrons and foreseeable injury resulted to the plaintiffs and their minor grandchildren, for which they should be allowed to recover.

### Count 8. General and Premises Liability as to Defendant Carrols

49.    The plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs 1 through 48 as if fully reproduced herein.

50.    As the owner and / or operator of the land and the business activities with right of possession to the premises at issue in this cause of action, Carrols had a duty of reasonable care to the plaintiffs and their minor grandchildren at all times material to the claims asserted herein.

51.    Carrols negligently failed to provide a reasonably safe environment for its business invitees on April 29, 2023, and as a direct and proximate result, the plaintiffs and their minor grandchildren suffered harm for which they should be permitted to recover.

### Count 9. Gross Negligence

52.    The plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs 1 through 51 as if fully reproduced herein.

53.    In perpetrating the violent and threatening acts described herein, the defendants acted with actual malice or gross negligence which evidences a willful, wanton, or reckless disregard for the safety of others.

54. As a direct and proximate result of the defendants' said grossly negligent acts and omissions, the plaintiffs and their minor grandchildren were caused to suffer injuries for which they should be permitted recovery.

### V. Respondeat Superior

55. The plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs 1 through 54 as if fully reproduced herein.

56. At all times material to the claims asserted herein, Ta'Nyla was employed, directed and supervised by Carrols.

57. As the employer of Ta'Nyla, Carrols is responsible for the acts and omissions of its agent and her mother that directly and proximately caused the plaintiffs and their minor grandchildren to suffer harm as described herein.

### V. Claim for Compensatory Damages

58. The plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs 1 through 57 fully reproduced herein.

59. As a direct and proximate result of the negligence, gross negligence, and the intentional acts of the defendants, the plaintiffs and their minor grandchildren have suffered personal bodily injuries, mental stress and anguish, lost income, future lost income and opportunity costs; and the plaintiffs and their minor grandchildren are therefore entitled to recover the following damages jointly and severally from the defendants named herein:

    a. Past and future medical expenses associated with injuries sustained in the incident complained of herein;

    b. Physical ain and suffering;

    c. Lost income;

d.      Loss of future earnings;

e.      Mental grief and anguish;

f.      Loss of quiet enjoyment of life;

g.      Loss of business opportunities;

h.      Court costs, attorney fees, and litigation expenses as allowed by law; and

i.      Pre- and post-judgment interest at the maximum rate allowed by law.

## VI. Claim for Punitive Damages

60.     The plaintiffs hereby incorporate by reference and re-allege the information set forth in the foregoing paragraphs 1 through 59 as if fully reproduced herein.

61.     The conduct of the defendants complained of herein is so extreme and outrageous in the circumstances and its degree of reprehensibility is such as to warrant the imposition of punitive damages in accordance with the terms of §11-1-65, Miss. Code Ann. of 1972, as amended, both to discourage these named defendants from any such activity in the future and to deter others similarly situated from engaging in like conduct to the harm and detriment of innocent parties such as the plaintiffs and their minor grandchildren.

## VII. Demand for Jury Trial

62.     The allegations set forth in the foregoing paragraphs 1 through 61 are hereby re-alleged and incorporated by reference, as if fully set forth herein.

63.     The plaintiffs hereby request trial by jury of their claims on their merits, for which they are entitled under the laws of the United States of America and the State of Mississippi.

## VIII. Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiffs James W. "J.W." Courtney, Jo Ann Courtney, Harlee Sibley, and Crystal Robards as next friend of J.R., a minor child, pray that

process be issued and demand judgment against Defendants Carrols Restaurant Group, LLC, Ta'Nyla Thompson, and Aquanetta Thompson for negligence, gross negligence, and intentional tortious conduct in having been the actual and legal cause of the said plaintiffs' injuries.  The plaintiffs in their individual and representative capacities demand for judgment against all defendants named herein, including any proper defendants as yet unknown, in any amount of not less than $400,000.00 that a fair and impartial jury deems appropriate and just in this cause of action, as well an assessment of all costs of court, litigation expenses and attorneys' fees against said defendants, and pray further that the Court hold an evidentiary hearing for the award of punitive damages against the defendants. And finally, the plaintiffs pray for all additional, further or alternative relief commanded in the circumstances by applicable principles of law and equity.

THIS, the 17th day of March, 2026.

Respectfully submitted,

**JAMES W. "J.W." COURTNEY, JO ANN COURTNEY, HARLEE SIBLEY, and CRYSTAL ROBARDS AS CUSTODIAL NEXT FRIEND OF J.R., A MINOR CHILD, PLAINTIFFS**

BY:     _/s/ F. Gregory Malta_____
          JOHN J. McNEIL (MSB #109815)
          F. GREGORY MALTA (MSB #9743)
          Post Office Box 912
          Brookhaven, Mississippi 39602
          Telephone: (601) 990-2999
          Email: gregmalta@gmaltalaw.com

          **OF COUNSEL FOR PLAINTIFFS**